OF JUDGES OF THE SUPREME COURT, ON APPEALS TO THE SCHOOL COMMISSIONER.

### APPEAL OF JOHN L. JAMES, TAX COLLECTOR OF SCHOOL DISTRICT No. 10, NORTH PROVIDENCE.

Where there is a dispute between the tax collector and treasurer of a school district, whether the former has paid over to the latter certain tax money collected by him, and the district votes that the former shall pay it, such vote furnishes the collector with no cause of appeal to the school commissioner; and the whole matter is without his jurisdiction.

THE appellant admitted that he had, as tax collector of School District No. 10, in North Providence, collected certain taxes, but contended that he had paid the amount of the taxes to the treasurer of the district, which the latter denied. The district voted that the collector should pay the money; from which vote he appealed to the school commissioner. After hearing the parties, the school commissioner dismissed the appeal, as not within his jurisdiction; whereupon the collector requested that the point should be laid before the chief justice for his decision.

AMES, C. J. The appellant, tax collector of School District No. 10, North Providence, has suffered no grievance at the hands of the district, of which he can complain to the school

commissioner. He has collected money which the district demands of him, as they have right. His answer is, that he has paid it to the treasurer; but as the treasurer denies this, and the evidence of payment produced by the collector is not satisfactory, the district very properly persist in their demand. The appellant's admission charges him with the money, and he produces no sufficient evidence, as it would seem, in his discharge. A mere demand of money as due, though unfounded, is no ground of legal complaint, and this demand, under the circumstances stated, was natural and proper.

Besides, a money claim of this sort, made by a school district against its collector or treasurer, seems to be wholly without the jurisdiction of the commissioner. He can issue no execution to enforce it, nor can he enjoin any suit commenced upon it. It must, necessarily, be adjusted by the ordinary tribunals of the law, which are clothed with powers to aid the right, in the way both of pursuit and defence. The school law, (ch. 61, § 6, of the Revised Statutes,) by enabling school districts to require bonds of their clerks, collectors, and treasurers, points to the ordinary legal remedies against such officers, in case they do not faithfully account for moneys received by them, or damages are sought against them for other breach of official duty.

The school commissioner, in my judgment, was right in dismissing this appeal.